UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JAMIE ORTIZ,
          Plaintiff,

                                        **CASE NO.**

vs.

THE SCHOOL BOARD
OF BROWARD COUNTY,                           **COMPLAINT**
FLORIDA, a Florida
governmental entity,
          Defendant.
_____/

       Plaintiff, Jamie Ortiz, through his undersigned counsel, hereby files this Complaint, against the Defendant, the School Board of Broward County, Florida; and he states as follows:

**I.**
**JURISDICTION**

1.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights, secured by 42 U.S.C. Section 2000(e), *et seq.*, against national origin discrimination in the workplace.

2.      The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. Section 1343(3).

3.      Venue is properly placed in this district, pursuant to 28 U.S.C. Section 1391(b), because it is where all of the parties resided and where the events complained of occurred.

1

4.   Plaintiff, Jamie Ortiz ("ORTIZ"), previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), the federal agency, which is responsible for investigating claims of employment discrimination; and this charge of discrimination was filed on or about September 14, 2014 alleging claims of national origin discrimination.

5.   The Plaintiff has complied with all administrative prerequisites, which are necessary to file a law suit, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), et seq., in that he filed an appropriate charge of discrimination, within the applicable time frames, and hence, he has exhausted all pertinent administrative procedures.

6.   On September 26, 2017, the Miami District Office of the EEOC, issued a Letter of Determination, indicating that probable cause existed for finding statutory violations in this case for national origin discrimination. [See, the EEOC's Letter Determination, which is attached hereto, as **EXHIBIT A**].

7.   Pursuant to the EEOC's Letter of Determination dated September 26, 2017, the Commission invited the parties to engage in the conciliation process. [See, the EEOC's Letter Determination, which is attached hereto, as **EXHIBIT A**].

8.   On December 11, 2017, the United States Department of Justice issued the Notice of Right to Sue Memorandum in this case; and Plaintiff had ninety (90) days from the issuance of the Notice of Right to Sue Memorandum, in which to file his Complaint in this Court; and Plaintiff has filed the instant Complaint within ninety (90) days of the issuance of the

2

Notice of Right to Sue Memorandum. [A copy of the Notice of Right to Sue Memorandum is attached hereto, as **EXHIBIT B.**]

## II.
## PARTIES

9. Plaintiff, Jamie Ortiz (hereinafter, referred to as, "ORTIZ"), is currently employed by Defendant herein, as an Auto Truck Mechanic for the Defendant's Transportation Department; and at all material times herein, he was a resident of Pembroke Pines, Broward County, Florida.

10. Defendant, the School Board of Broward County, Florida (hereinafter, referred to as, the "SCHOOL BOARD"), a Florida Governmental entity, it operates and administers public schools in Broward County, Florida; through its responsible management officials; and it is responsible for administering personnel policies and procedures, including those personnel policies and procedures, governing workplace policies and procedures on discrimination and harassment.

11. Defendant, the SCHOOL BOARD, is an, "employer," within the purview of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, since it employed in excess of fifteen (15) employees within the relevant time period, herein.

12. Defendant, the SCHOOL BOARD, an, "employer," within the purview of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, and it has an affirmative legal obligation, to undertake responsible and remedial measures when

confronted with allegations of discrimination and harassment, when such conduct is perpetrated by its subordinate managers and supervisors.

## III.
## FACTUAL ALLEGATIONS

13. Plaintiff is of Hispanic origin; and he has been employed as an Auto-Truck Mechanic for the Defendant, since on or about April 3, 1999.

14. On December 17, 2013, the Defendant's Vehicle Maintenance Supervisor, Michael Kregel (hereinafter, referred to as, "KREGEL"), falsely reported to management that Plaintiff had falsified Transportation Department vehicle maintenance reports.

15. On August 25, 2014, KREGEL's purported disciplinary allegations against Plaintiff were confirmed as being false by the Broward County State Attorney's Office.

16. In mid-July of 2014, KREGEL and Defendant's Foreman, Paul Dawes (hereinafter, referred to as, "DAWES"), were using a computer terminal in the workplace; and KREGEL told DAWES to carefully watch the Plaintiff, since management needs to "watch the Spanish (sic) guys."

17. On June 5, 2014, KREGEL and Defendant's Task Assigned Manager, Anthony Welch, held a staff meeting for all of the Auto-Truck Mechanics fort the Transportation Department.

18. During this meeting, KREGEL told employee Marcus Real (hereinafter, referred to as, "REAL"), that "as a minority," he "has come a long way," and that he (REAL) "should not be causing any problems in the work place."

4

19. After this comment by KREGEL, Plaintiff confronted him and objected to the manager's comments to REAL, stating that KREGEL's comments were "not nice."

20. On August 18, 2014, KREGEL confronted Plaintiff and stated, "it's not over for you, you Spic." (sic).

21. Plaintiff undertook the required personnel action, in response to the workplace discrimination; he complained on numerous occasions to management, pursuant to the applicable procedure, for voicing workplace complaints about discrimination and harassment in the workplace.

22. However, despite Plaintiff's well-founded complaints, Defendant took no personnel action to address his allegations of discrimination; and no remedial measures were undertaken by management to end the discrimination and or harassment, based upon the Plaintiff's national origin.

23. Defendant's lack of action on behalf of its subordinate manager and or supervisor, triggers *per se* liability for the Defendant employer.

24. Defendant has failed to fulfill and or satisfy its affirmative legal obligations, as a covered employer, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*

## COUNT I
### (NATIONAL ORIGIN DISCRIMINATION, VIOLATION OF TITLE VII)

25. Plaintiff restates and re-avers the allegations contained within Paragraphs 1-24 of the Complaint, as if fully set forth herein.

5

26. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), *et seq.,* prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin classifications, considerations, or national origin based reasons.

27. The Plaintiff is a Hispanic male, and he possessed the requisite qualifications and skills to perform the job functions, as an Auto Truck Mechanic, within the Defendant's Transportation Division, located in Oakland Park, Broward County, Florida.

28. Despite Plaintiff's job qualifications, he was consistently and regularly subjected to discrimination and or harassment by Defendant's management, based upon his national origin.

29. As a direct and proximate result of the Defendant's unlawful acts, ORTIZ has suffered great and irreparable economic harm and other associated losses.

30. Moreover, as a further result of the Defendant's unlawful race based conduct, the Plaintiff has been compelled to retain undersigned counsel and he has incurred fees and costs.

**WHEREFORE**, the Plaintiff, JAMIE ORTIZ, respectfully requests that this Court enter judgment against the Defendant, the SCHOOL BOARD OF BROWARD COUNTY, and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), for engaging in an unlawful act of disparate treatment, and order the following additional relief:

A) Award the Plaintiff actual damages, including appropriate amounts of back pay and front pay, as well as compensatory damages;

B)      Award the Plaintiff his costs and a reasonable attorney's fee;

C)      Enjoin the Defendant from continuing its discriminatory practices; and

D)      Grant any and all appropriate relief, which the Court deems to be just and proper.

## COUNT II
## (NATIONAL ORIGIN DISCRIMINATION, HOSTILE WORK ENVIRONMENT, IN VIOLATION OF TITLE VII)

31.    Plaintiff restates and re-avers the allegations contained within Paragraphs 1-24 of the Complaint, as if fully set forth herein.

32.    As a Hispanic male of Puerto Rican origin, Plaintiff is a member of a protected group.

33.    Plaintiff was subjected to unwelcome national origin based harassment, specifically, egregious and offensive Anti-Hispanic comments, and adverse personnel actions, perpetrated by KREGEL.

34.    The actionable national origin based harassment, perpetrated by KREGEL, was specifically grounded upon Plaintiff's national origin.

35.    The actionable national origin harassment, which consisted of offensive comments and adverse personnel actions, perpetrated by KREGEL, was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

36.    There is a reasonable factual basis for holding the Defendant employer liable, based upon the national origin based discrimination and harassment, perpetrated by KREGEL

37.    The actionable national origin discrimination and harassment, perpetrated by KREGEL, ultimately resulted in a tangible employment action, imposed against Plaintiff, the

7

imposition of adverse personnel actions against Plaintiff, without any valid business reason and or justification.

38.    As a direct and proximate result of the Defendant's unlawful acts, perpetrated through its Manager, KREGEL, ORTIZ has suffered great and irreparable economic harm and other associated losses.

39.    Moreover, as a result of the Defendant's impermissible national origin based conduct, the Plaintiff has been compelled to file this action; and he has incurred attorney's fees and costs.

**WHEREFORE**, the Plaintiff, JAMIE ORTIZ, respectfully requests that this Court enter judgment against the Defendant, the SCHOOL BOARD OF BROWARD COUNTY, and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), for engaging in an unlawful act of disparate treatment, and order the following additional relief:

A) Award the Plaintiff actual damages, including appropriate amounts of back pay and front pay, as well as compensatory damages;

B) Award the Plaintiff his costs and a reasonable attorney's fee;

C) Enjoin the Defendant from continuing its discriminatory practices; and

D) Grant any and all appropriate relief, which the Court deems to be just and proper.

## Demand for Jury Trial

The Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
800 S.E. Third Avenue
Suite 400
Ft. Lauderdale, Florida 33316
(954) 527-0570 Telephone
(954) 767-0483 Telecopier
E-Mail: labor@markjberkowitz.com
Fla. Bar No. 369391


/s/ Mark J. Berkowitz
By: Mark J. Berkowitz


Dated on this 31st day of January, 2018.